Glenn R. Kantor, State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Corinne Chandler, State Bar No. 111423
 E-mail: cchandler@kantorlaw.net
Zoya Yarnykh, State Bar No. 258062
 E-mail: zyarnykh@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
MASUMA AHSAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASUMA AHSAN,<br><br>  Plaintiff,<br><br>vs.<br><br>FIRST UNUM LIFE INSURANCE COMPANY,<br><br>  Defendant. | CASE NO.:<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Masuma Ahsan ("Plaintiff"), herein sets forth the allegations of her Complaint against Defendant First Unum Life Insurance Company ("Unum").

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 3 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan.  Plaintiff seeks relief, including but not limited to, payment of the correct amount of

benefits due her under her plan, prejudgment and postjudgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. "Intradistrict Assignment" – This matter may be assigned to either the Oakland or San Francisco Division of the Northern District of California because the events giving rise to this lawsuit occurred in San Mateo County.

3. Plaintiff was, at all times relevant, an employee of the law firm of Davis, Polk & Wardwell in San Mateo County, State of California, at the time that her disability claim arose under the Davis, Polk & Wardwell's Welfare Benefit Plan ("the Plan"), which is insured and administered by Defendant.

4. Unum is a corporation with its principal place of business in the State of Tennessee, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

5. Unum is the insurer of long-term disability ("LTD") benefits under the Plan, Policy Number 455795, and acted in the capacity of the Plan insurer and the Plan claims administrator. It also the insurer and administrator of the life insurance benefits, Policy Number 454533 which contains a Waiver of Premium ("WOP") provision.

6. Plaintiff is informed and believes that both policies were issued with the intent to provide LTD and WOP coverage to residents of the State of California.

**FIRST CLAIM FOR RELIEF**
**AGAINST DEFENDANT FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by Davis, Polk & Wardwell, and was a covered participant under the terms and conditions of the Plan.

9. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the

LTD and WOP Plan, Plaintiff suffered a disabling medical condition rendering Plaintiff disabled as defined under the terms of the Plan as of April 16, 2013.

10. Pursuant to the terms of the Plan, Plaintiff made a claim to Unum for benefits. Unum assigned Plaintiff Claim Nos. 9314981 for WOP and 9314706 for LTD. In January 2014, Unum approved Plaintiff's LTD and WOP claims. Unum terminated Plaintiff's benefits in May 2020. Plaintiff appealed, and Unum upheld its denial in August 2021.

11. Defendant has breached the Plan and violated ERISA in the following respects:

(a) Unum failed to pay LTD benefit payments to Plaintiff and approve her LTD and WOP claims at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

(b) Unum failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for LTD and WOP benefits;

(c) Unum failed, after Plaintiff's claim was denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) Unum failed to properly and adequately investigate the merits of Plaintiff's LTD and WOP claims and failed to provide a full and fair review of Plaintiff's claims.

12. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

13. Following the denial of LTD benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

14. As a proximate result of the aforementioned wrongful conduct of Unum, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

15. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD and WOP claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

16. The wrongful conduct of Unum has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of LTD and WOP benefits, and that benefits are to continue to be paid under the LTD and WOP Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: September 21, 2021            KANTOR & KANTOR, LLP

                                     By:   /s/ Zoya Yarnykh
                                           Zoya Yarnykh
                                           Attorneys for Plaintiff,
                                           MASUMA AHSAN